UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

LAWRENCE E. SIMPKINS,
a/k/a Lawrence E. Simpkin,

      Plaintiff,

v.                                                    Case No.  5:16cv54/MP/CJK

JAMES BLACKWOOD, et al.,

      Defendants.
_____/

ORDER and
REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, has filed an amended civil rights complaint under 42 U.S.C. § 1983.  (Doc. 6).  Also pending is plaintiff's motion for appointment of counsel.  (Doc. 5).  For the reasons that follow, the undersigned concludes that this case should be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii), for plaintiff's failure to state a claim on which relief may be granted, and that plaintiff's motion for appointment of counsel should be denied.

BACKGROUND AND PROCEDURAL HISTORY

Plaintiff, DC#192274, is an inmate of the Florida penal system currently confined at Apalachee Correctional Institution.  (Doc. 6, p. 2).  Plaintiff was confined

at Gulf Correctional Institution at the time of the events giving rise to his complaint. Plaintiff's amended complaint names five defendants, all prison officials at Gulf CI: Warden James Blackwood, Assistant Warden S. Roddenberry, Captain James Gainnie, Sergeant C. Patterson and Classification Officer James Pabis.  (Doc. 6). Plaintiff claims the defendants deprived him of procedural due process, in violation of the Fourteenth Amendment, during a prison disciplinary proceeding at Gulf CI. Plaintiff alleges that he was issued a disciplinary report (DR) on April 20, 2014, for spoken threats.  (Doc. 6 and Ex. A).  The DR was dismissed "due to procedural error", but the dismissal was without prejudice to the DR being rewritten and reprocessed.  (*Id*.).  After the DR was re-written and reprocessed, plaintiff was found guilty of the infraction, resulting in his placement in disciplinary confinement for thirty days.  (Doc. 6 and Ex. A).  The institution affirmed the conviction (doc. 6, Ex. B), but the Office of the Secretary overturned it "based on technical errors in processing of same."  (Doc. 6, Ex. C).  The institution was advised of the Secretary's decision and "any necessary adjustments" were made to plaintiff's inmate file.  (*Id*.). Plaintiff now files this lawsuit, claiming the DR was based on a "false accusation", that he was not allowed to give "verbal testimony" at the hearing, and that the investigation was "falsified".  As relief, plaintiff seeks compensatory damages, punitive damages and costs.

## DISCUSSION

Title 28 U.S.C. § 1915 mandates that the district court dismiss an *in forma pauperis* action if the court determines that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."   28 U.S.C. § 1915(e)(2)(B).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997).  The court accepts all well-pleaded factual allegations of the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff.  *Hunnings v. Texaco*, Inc., 29 F.3d 1480, 1483 (11th Cir. 1994).  To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)); *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (holding that courts must follow the Supreme Court's "'two-pronged approach' of first separating out the complaint's conclusory legal allegations and then determining whether the remaining well-pleaded factual allegations, accepted as true, 'plausibly give rise to an entitlement to relief.'" (*quoting Iqbal*, 556 U.S. at

679)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  A complaint is also subject to dismissal for failure to state a claim if the allegations – on their face – show that an affirmative defense bars recovery on the claim.  *Marsh v. Butler Cnty., Ala.,* 268 F.3d 1014, 1022 (11th Cir. 2001); *see also Jones v. Bock*, 549 U.S. 199, 215, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007) (reiterating that principle and providing, as an example, that if a complaint's allegations show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim).

Taking those well-pleaded allegations of plaintiff's amended complaint as true and evaluating reasonable inferences derived from those facts in plaintiff's favor, plaintiff's amended complaint fails to state a plausible claim for relief under § 1983. "[A] § 1983 claim alleging a denial of procedural due process requires proof of three elements: (1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003) (*citing Cryder v. Oxendine*, 24 F.3d 175, 177 (11th Cir. 1994)).  Plaintiff fails to establish he was deprived of a constitutionally-protected liberty interest.  In *Sandin v. Conner*, 515 U.S. 472, 478,

484, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995), the Supreme Court recognized that there are two instances in which a prisoner may claim a constitutionally protected liberty interest which implicates constitutional due process concerns:   (1) when actions of prison officials have the effect of altering the inmate's term of imprisonment, and (2) where a prison restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."   The attachments to plaintiff's amended complaint establish that the disciplinary conviction was overturned, and that plaintiff did not lose gaintime for the conviction. Plaintiff's serving thirty days in disciplinary confinement does rise to the level of implicating a constitutionally protected liberty interest.   "Discipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law."   *Id*. at 485.   The Court in *Sandin* held that the prisoner's placement in disciplinary segregation for thirty days was neither a "dramatic departure" from the ordinary conditions of confinement, nor a "major disruption in his environment."   *Id*. at 485-86; *see also Rodgers v. Singletary*, 142 F.3d 1252 (11th Cir. 1998) (dismissing prisoner's due process claim arising from prison official's allegedly "false" disciplinary report that was later overturned; prisoner's allegation that he spent over two months in administrative confinement as a result of the charge failed to show that he was deprived of a

constitutionally protected liberty interest as defined in *Sandin*); *Smith v. Reg'l Dir. Fla. Dep't. of Corr.*, 368 F. App'x 9, 13 (11th Cir. 2010) (concluding that inmate failed to state a plausible due process claim where he was subjected to confinements of fifteen and thirty days in disciplinary confinement).

Even if plaintiff established that he was deprived of a constitutionally-protected liberty interest, his claim fails because he fails to demonstrate that the administrative process he was provided – a process which ultimately resulted in the conviction being overturned – was constitutionally inadequate.   As plaintiff's amended complaint fails to state a facially plausible procedural due process claim, this § 1983 suit should be dismissed.

Accordingly, it is ORDERED:

Plaintiff's motion for appointment of counsel (doc. 5) is DENIED.

And it is respectfully RECOMMENDED:

1.  That this case be DISMISSED under 28 U.S.C. § 1915(e)(2)(B)(ii), for plaintiff's failure to state a claim on which relief may be granted.

2.  That the clerk be directed to close the file.

At Pensacola, Florida this 18th day of May, 2016.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.